```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
LOCAL 101, TRANSPORT WORKERS UNION            :
OF AMERICA,                                   :
                                              :
                    Plaintiff,                :
                                              :     ORDER
            v.                                :     22-CV-963 (WFK) (MMH)
                                              :
NATIONAL GRID,                                :
                                              :
                    Defendant.                :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On June 6, 2022 the Arbitrator appointed by the Court at ECF No. 16 issued an opinion and award (the "Award") denying the Grievance that alleged the contracting out at issue eviscerated the Collective Bargaining Agreement ("CBA") and finding that National Grid ("Company") violated the CBA by failing to give the Transport Workers Union Local 101 ("Union") notice and the opportunity to be heard before the contract was let. The Court now CONFIRMS the arbitration award for the reasons discussed below.

## BACKGROUND

The Court assumes the parties' familiarity with the facts of this case. On June 6, 2022 the Arbitrator issued an Award finding (1) the Union waived the right to arbitrate violations of the limits on contracting out established by Article XXVII, Section 1 of the CBA with the exception of disputes over Article XXVII, Section 1b; (2) the Arbitrator has jurisdiction over the Grievance; (3) the Union failed to demonstrate the contracting out of Move Calls to Convergent violates the Recognition Clause of the CBA; (4) the Company violated Article XXVII, Subsection 1b of the CBA; and (5) the appropriate remedy is not to cancel the contract and return the contested work to the bargaining unit, but rather to pay damages for lost overtime.

## DISCUSSION

It is well established that "judicial review of an arbitrator's interpretation of a collective bargaining agreement is extremely limited." *1199 SEIU United Healthcare Workers E. v. Lily Pond Nursing Home*, 07-CV-408, 2008 WL 4443945, at *4 (S.D.N.Y. Sept. 29, 2008) (Francis, Mag. J.) (citing *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2011)). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co., Inc. v. Gotdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks and citation omitted); *see also Fleischer v. Barnard Coll.*, No. 20-4213, 2021 WL 5365581, at *3 (2d Cir. Nov. 18, 2021) (citing *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) ("Judicial review of a labor-arbitration decision pursuant to [a collective bargaining] agreement is very limited. Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement.")). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co., Inc.*, 462 F.3d at 110 (internal quotation marks and citations omitted).

The Federal Arbitration Act provides that a United States court may vacate an award in any of the following cases:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

See 9 U.S.C. § 10.

On June 6, 2022 the Arbitrator issued an Award finding (1) the Union waived the right to arbitrate violations of the limits on contracting out established by Article XXVII, Section 1 of the CBA with the exception of disputes over Article XXVII, Section 1b; (2) the Arbitrator has jurisdiction over the Grievance; (3) the Union failed to demonstrate the contracting out of Move Calls to Convergent violates the Recognition Clause of the CBA; (4) the Company violated Article XXVII, Subsection 1b of the CBA; and (5) the appropriate remedy is not to cancel the contract and return the contested work to the bargaining unit, but rather to pay damages for lost overtime.

Based on the comprehensive opinion issued by the Arbitrator, the Court finds sufficient grounds for the Award. Additionally, there is nothing to suggest any of the accepted grounds for vacating the award are present.

## CONCLUSION

Accordingly, on the basis of the record and law as set forth above, the Court AFFIRMS the Award in its entirety.

SO ORDERED.

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 6, 2022
      Brooklyn, New York